IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JAMES VINCENT RIDER,

        Plaintiff,

    vs.

TIMOTHY J. VAN DELLEN, et al.,

        Defendants.

CIVIL ACTION
No. 09-3258-SAC

**MEMORANDUM AND ORDER**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has submitted the initial partial filing fee, and the court grants leave to proceed in forma pauperis.

**Background**

Plaintiff executed the complaint in this matter on November 30, 2009, at the New Century Detention Center. The incidents giving rise to his claim, an alleged assault by two Johnson County Sheriff's officers, occurred in June 2007. By its earlier order, the court directed plaintiff to show cause why this matter should not be dismissed as untimely under the two year limitation period that applies to actions under § 1983 in the District of Kansas. Plaintiff filed a timely response (Doc. 7).

Plaintiff states he did not want to file the complaint while he was in the custody of the Johnson County Department of Corrections because he feared discrimination. He states he discussed the matter with his attorney, who agreed with that strategy. Finally, plaintiff states he was treated for depression and anxiety during his incarceration.

**Discussion**

"[An] action brought pursuant to § 1983, is subject to the statute of limitations of the general personal injury statute in the state where the action arose." *See Hardin v. Straub,* 490 U.S. 536, 539 (1989). Plaintiff's claim arose in Kansas and is subject to the two year limitation period in K.S.A. 60-513(a).

State law governs the limitations period and tolling issues, but "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato,* 549 U.S. 384, 388 (2007). Under federal law, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.), *cert. denied,* 549 U.S. 1059 (2006). Finally, under Kansas law, K.S.A. § 60–515(a) provides "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability."

Here, plaintiff's claims arose from an alleged assault, and it is clear he was aware of the basis of his claim at that time. He chose to wait until his release from custody in Johnson County, but that decision does not provide a basis for equitable tolling. *See Hood v. Prisoner Health Services, Inc.*, 180 Fed. Appx. 21 (10th Cir. 2006)(no equitable tolling where prisoner did not show he lacked access to the courts and did not contest the application of the limitation period by the district court).

Likewise, while plaintiff suffered from anxiety and depression during his incarceration, he does not suggest that these circumstances prevented him from pursuing his claims in a timely manner. *See Fogle v. Slack*, 2011 WL 1334304, *5 (10th Cir. 2011)(prisoner's paranoid schizophrenia and auditory hallucinations and placement in segregation were insufficient to warrant equitable tolling).

Having considered the record, the court concludes this matter must be dismissed due to plaintiff's failure to commence the action within the two year limitation period.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.

3

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 14th day of July, 2011.

        S/ Sam A. Crow
        SAM A. CROW
        United States Senior District Judge